Alvaro **ROZO–RODRIGUEZ,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–70500.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Alvaro Rozo–Rodriguez, San Diego, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Efthimia S. Pilitsis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM**

Alvaro Rozo–Rodriguez, a native and citizen of Colombia, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

■ Rozo–Rodriguez contends that the IJ should have ruled on his application for suspension of deportation, filed with the INS prior to IIRIRA's effective date. This contention is unavailing because the agency's decision to commence removal proceedings after April 1, 1997, meant that IIRIRA's permanent provisions applied. *See Ramirez–Zavala v. Ashcroft*, 336 F.3d 872, 874–75 (9th Cir.2003) (noting "[t]he fact that [petitioner] filed an application for suspension for deportation with the INS prior to IIRIRA's effective date does not alter th[e] conclusion" that petitioner

was not eligible to apply for suspension of deportation).

■ To the extent Rozo–Rodriguez challenges the agency's decision to commence removal rather than deportation proceedings against him, we are without jurisdiction to review this decision. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002) (noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.